The Honorable Doug Wood State Representative P. O. Box 5606 North Little Rock, AR 72119
Dear Representative Wood:
This is in response to your recent opinion request regarding the constitutionality of Senate Bill 67. Section 1 of the Bill states:
 No attorney shall use the printed media or broadcast media, cable television or any other medium to directly solicit clients or encourage litigation in this State. Attorneys may utilize the media and all other mediums for advertising their areas of practice or expertise, fees, address, telephone number, and as otherwise permitted by the Arkansas Supreme Court.
Section 2 makes violations of the Act Class A misdemeanors and Section 3 repeals all laws and parts of laws in conflict with this Act.
A review of the Bill, in light of relevant U.S. Supreme Court decisions, leads me to conclude that it would in all likelihood be deemed unconstitutional upon judicial review.
The case of Bates v. State Bar of Arizona, 433 U.S. 350,53 L.Ed.2d 810 (1977) is of foremost significance in the U.S. Supreme Court's analysis of lawyer advertising. The Supreme Court held in Bates that lawyer advertising is a form of commercial speech, protected by the First Amendment, and that "advertising by attorneys may not be subjected to blanket suppression."53 L.Ed.2d at 835. The Court did not, however, foreclose all regulation of lawyer advertising, noting that "false, deceptive, or misleading" advertising is subject to restraint. Id. It also cited the possibility of restraints on in-person solicitation. Id. at 836. And it recognized the possibility of reasonable restrictions on the "time, place, and manner of advertising." Id.
Subsequent decisions reflect the Bates' Court's declaration that there are some "clearly permissible limitations on advertising." Id. at 835. The risk of undue influence or overreaching was held to justify a blanket ban on in-person solicitation on Ohralik v. Ohio State Bar Assn., 436 U.S. 447, 56 L.Ed.2d 444 (1978). An advertisement contained in a mail-out packet was found violative of several disciplinary rules in Eaton v. Supreme Court of Arkansas, 270 Ark. 573, 607 S.W.2d 55 (1980) where the ad failed to provide consumers with "a means of making an informed selection of an attorney." 607 S.W.2d at 60.
These decisions illustrate the fact that lawyer advertising is subject to restriction, and they offer examples of many other cases which have evolved from complaints based upon alleged violations of various disciplinary rules. The U.S. Supreme Court noted in the case of Zauderer v. Office of Disciplinary Counsel of the Supreme Court of Ohio, 471 U.S. ___, 85 L.Ed.2d 652, 644 (1985) that its "general approach to restrictions on commercial speech is . . . by now well-settled," stating that "the states and the Federal Government are free to prevent the dissemination of commercial speech that is false, deceptive or misleading . . . or that proposed an illegal transaction. . . ." Id. Yet the Court went on to declare that "commercial speech that is not false or deceptive and does not concern unlawful activities, however, may be restricted only in the service of a substantial governmental interest, and only through means that directly advance that interest." Id. (Emphasis added.) This language is echoed in previous decisions where the Court stated that while States have an interest in regulating commercial speech due to the "potential for deception and confusion," the regulations "may be no broader than reasonably necessary to prevent the deception." In re R.M.J., 455 U.S. 191, 71 L.Ed.2d 64, 74 (1982); see also Virginia Pharmacy Board v. Virginia Citizens Consumer Council, Inc.,425 U.S. 748, 48 L.Ed.2d 346 (1976).
The question arises whether S.B. 67, a much broader restriction than is found in most disciplinary rules, can withstand First Amendment scrutiny in light of the U.S. Supreme Court's recent declarations. The answer, I believe is no. While there can be no doubt that valid concerns underly [underlie] the Act, the attempt to broadly proscribe the use of any medium "to directly solicit clients or encourage litigation" could potentially preclude most if not all advertisements other than those which simply recite very basic information. And it is clear that the Supreme Court will not limit lawyer advertising to such an extent.
The Court's ruling in the Zauderer case is the most clear indication of the unconstitutionality of S.B. 67. The newspaper in that case involved the Dalkon Shield. The Court concluded that the information contained in the ad was truthful and nondeceptive. The fact that the attorney was clearly attempting to solicit or obtain business was not determinative, nor was the Court concerned with the fact that the ad arguably encouraged litigation. The Court stated, in fact, that "the traditional justification for restraints on solicitation — the fear that lawyers will `stir up litigation,'" could not justify the restriction imposed.85 L.Ed.2d at 667. The Court went on to assert that:
 The State is not entitled to interfere with that access (to civil courts) by denying its citizens accurate information about their legal rights. Accordingly, it is not sufficient justification for the discipline imposed on appellant that his truthful and nondeceptive advertising had a tendency to or did in fact encourage others to file lawsuits. Id.
It becomes clear that S.B. 67's broad proscription against the use of any medium to "encourage litigation" would likely fail to survive a Court's scrutiny. A Court's reaction to the Legislature's concern with the use of any medium "to directly solicit clients" may not be as predictable, in part due to the vagueness inherent in that phrase. What constitutes "direct" solicitation? If this were limited to in-person solicitation, it would withstand scrutiny based upon the Supreme Court's approval of a blanket ban on this type of solicitation in the Ohralik case. Supra. But Courts have refused to uphold proscriptions against direct mail advertising, Re Koffler, 412 N.E.2d 927 (N.Y. 1980), cert. denied 450 U.S. 1026, or blanket prohibitions against solicitation. Re Alessi, 60 N.Y.2d 229 (193). These cases compel the rejection of a broad attempt to prevent attorneys from using any medium "to directly solicit clients."
It should also be noted that S.B. 67 is not limited to situations involving solicitation for pecuniary gain. It is thus contrary to the general rule permitting offers of free legal assistance. See In re Primus, 436 U.S. 412, 46 L.Ed.2d 417 (1978). The foreseeable extension of punishment for violations of S.B. 67 to the media itself offers another basis for declaring the Act unconstitutional. It is unlikely that any newspaper, television or radio station would be willing to handle a lawyer's advertisements in light of this provision. The potential "chilling" effect is apparent.
I therefore conclude, based upon the foregoing that S.B. 67 is unnecessarily restrictive and unconstitutional under the First Amendment.
This opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.